# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PROXIBID, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV396 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **BIGGAVEL.COM, INC.,** | ) | |
| **ALAN ARMSTRONG,** | ) | |
| **DOROTHY ARMSTONG,** | ) | |
| **ALAN ARMSTRONG, JR. and** | ) | |
| **CALPOP.COM, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court *sua sponte*.

The plaintiff filed the instant action on October 9, 2007. **See** Filing No. 1.[1] There is no evidence of service of the complaint (Filing No. 1) or amended complaint (Filing No. 15) on the defendant CalPop.com, Inc. After a ruling on their motion to dismiss and several extensions of time, the court granted the defendants BigGavel.com, Inc., Alan Armstrong, Dorothy Armstrong and Alan Armstrong, Jr. until July 24, 2008, to file an answer to the plaintiff's Amended Complaint. **See** Filing No. 40 - Text Order. No answers or further motions of any kind have been filed. Additionally, on May 27, 2008, the court informed the parties by letter of their obligation to meet and confer pursuant to Fed. R. Civ. P. 26(f) and to file a written report of their meeting. **See** Filing No. 36. On July 1, 2008, the court granted the parties an extension of time to August 15, 2008, to file their planning report. **See** Filing No. 40 - Text Order. No such report has been filed.

"The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." NECivR 41.1. Further, Fed. R. Civ. P. 4(m) establishes a 120-day time limit for service of process on a defendant in a civil

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

case. Accordingly, it remains the plaintiff's duty to prosecute against all defendants. The plaintiff shall show cause why the complaint should not be dismissed as against the defendants. The defendants who have been served are now technically in default. The plaintiff may, for example, file a motion for Clerk's Entry of Default pursuant to NECivR 55.1. Alternatively, the parties may consider moving the court for a stay of proceedings, at least as to the relevant defendants, until settlement discussions are resolved. Accordingly,

**IT IS ORDERED:**

1. Unless other appropriate action is taken, the plaintiff shall show cause why this case should not be dismissed as against the defendant CalPop.com, Inc. for failure to effect service and as against the remaining defendants for failure to prosecute. The showing of cause shall be filed electronically **on or before the close of business on September 8, 2008**.

2. The parties shall report to the court in accordance with Fed. R. Civ. P. 26(f) **on or before the close of business on September 8, 2008, or** show cause why sanctions should not be imposed upon them in accordance with Fed. R. Civ. P. 16(f).

DATED this 25th day of August, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge